

# Mars Khaimov Law, PLLC

100 Duffy Ave., Suite 510

Hicksville, NY 11801

Tel.: 929.324.0717

Fax: 929.333.7774

E-mail: mars@khaimovlaw.com

**BY ECF**
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007                                            April 23, 2024


Re:   *Jones v. Lee & Low Books, Inc.; 1:23-cv-07756-VEC*
      <u>Response to Order to Show Cause</u>

To the Honorable Judge Caproni:

      Plaintiff respectfully submits this letter in response to the Court's Order to Show Cause dated April 15, 2024, in which the Court directed Plaintiff to show cause as to why this action should not be dismissed for failure to prosecute for failing to abide by the Court's Order dated April 4, 2024.

      As an initial matter, Plaintiff's Counsel apologizes to the Court for not timely responding to the Court's April 4th Order. This oversight was neither purposeful nor wanton. Plaintiff respectfully maintains that this error does not rise to the level needed for dismissal of the action, however. Courts evaluating dismissal under FRCP Rule 41(b) must consider:

(1) the duration of the plaintiff's failures,
(2) whether the plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether dismissal strikes a proper balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
(5) whether lesser sanctions would be sufficiently efficacious. *LeSane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).

      In the instant action, the April 4th Order directed that Plaintiff file a response letter by April 11, 2024. While Plaintiff failed to abide by that instruction, Plaintiff did file an amended Order to Show Cause for Default Judgment on April 22, 2024 (Dkt. No. 29-31). As such, Plaintiff's delay in prosecuting the action covered a span of eleven days. Days or weeks of delay "typically do[] not warrant dismissal." *Chavis v. City of New York*, No. 17 Civ. 9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018). The Court did not warn Plaintiff that any future delay would result in dismissal prior to the April 15 2024 Order to Show Cause.



# Mars Khaimov Law, PLLC

      As the Defendant has failed to take any proactive measure in defending the action since February 16, 2024, there has been no prejudice to the Defendant as a result of Plaintiff's delay. Further, there are undoubtedly lesser measures than outright dismissal the Court can impose, and Plaintiff respectfully urges the Court to allow for the progression of the action here.

      As such, Plaintiff respectfully requests that the Court allow the action to be adjudicated on the merits, in light of the renewed default judgment papers filed on April 22, 2024. Plaintiff acknowledges Your Honor's intention to ensure that cases filed with the Court are prosecuted expeditiously, and for Counsel to be proactive in doing so. That point is taken, and Counsel will ensure that the proper protocols will be put in place for that to occur on a consistent basis.

      We thank Your Honor for the attention and consideration herein, and apologize again to the Court for its need to prompt Plaintiff's response herein.

      Respectfully submitted,

      /s/ Mars Khaimov
      *Attorneys for Plaintiff*

Cc: all Counsel of record on ECF

