USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAMON JONES, on behalf of himself and all : 
others similarly situated, :
:
                                   Plaintiff, :
:     23-CV-7756 (VEC)
       -against- :
:     <u>ORDER</u>
:
LEE & LOW BOOKS, INC., :
:
                                 Defendant. :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

During calendar years 2022 and 2023, Damon Jones filed 66 different lawsuits[1] pursuant to the Americans with Disabilities Act against on-line retailers ranging from an on-line book seller (Lee & Low Books, Inc.) to the seller of mushroom supplements, *see Jones v. M2 Ingredients, Inc.*, No. 23-CV-4626 (VSB). He is represented in this case and all the others by Mars Khaimov. Mr. Khaimov is one of, if not the, most prolific filers of ADA cases in this District.[2] In calendar year 2023, for example, he filed 429 different ADA cases in this District; in 2024, he has to date filed 92 cases. Between the Southern and Eastern Districts of New York, he is currently handling 232 open cases. This case presents a case study of the difficulties Mr. Khaimov has in handling such a busy legal practice.

The Complaint in this case, like virtually all cases filed by Mr. Khaimov, was largely a cookie-cutter affair. According to the Complaint, Mr. Jones was looking for a biography of Ray

---

[1] Mr. Jones filed another four lawsuits on in May 2024.

[2] As of February 2024, Mr. Khaimov was found to have filed more cases in the Southern District of New York in the prior year than any other lawyer, *see Castro v. Outdoorsmans Resale, Inc.*, No. 23-CV-3516 (JMF), 2024 WL 659943, at *3 n.2 (S.D.N.Y. Feb. 16, 2024).

Charles on Lee & Low Books' website. Lee & Low specializes in children's books, and there was no explanation why that would be the site Mr. Jones would use (rather than, say, Barnes & Noble or Amazon). The Complaint was, as is Mr. Khaimov's wont, styled as a class action.

At the start of this case, the parties appeared for an Initial Pretrial Conference, at which Defendant requested and the Court granted bifurcated discovery on standing. *See* Order, Dkt. 14. After some discovery, Defendant notified the Court of its intention to move to dismiss for lack of standing, Letter, Dkt. 16, and the Court set a briefing schedule, Order, Dkt. 17. Then came a series of missteps. Defendant apparently lost interest and missed the deadline to move to dismiss; Defendant also did not answer the Complaint. The Court ordered Plaintiff to move for default judgment. Order, Dkt. 19.

On March 27, 2024, Plaintiff moved for a default judgment. *See* Dkts. 24–26. Presumably because Mr. Khaimov did not read the motion before he filed it, it was full of typographical errors and, inexplicably, sought an order certifying a class and a subclass pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and/or (b)(3) and naming Mr. Jones as a class representative and Mr. Khaimov as class counsel. The motion in no way satisfied the requirements of Rule 23(e) for obtaining Court approval for a class settlement.

On April 4, 2024, the Court denied without prejudice Plaintiff's request for an order to show cause why a default judgment should not be entered against the Defendant, and ordered Plaintiff, by April 11, 2024, to (a) notify the Court whether he intended to move to certify a settlement class and, if so, whether he was doing so pursuant to Rule 23(b)(2) or (b)(3), or (b) file a corrected proposed order to show cause and supporting papers for a default in his individual capacity. *See* Order, Dkt. 27. April 11, 2024, came and went, and Mr. Khaimov did nothing to comply with the Court's April 4 Order. As the Undersigned and many of her colleagues have done on numerous prior occasions, on April 15, 2024, the Court ordered

Plaintiff to show cause why this action should not be dismissed without prejudice for failure to prosecute. *See* Order, Dkt. 28. On April 22, 2024, Plaintiff, belatedly, filed the revised motion for default judgment that had been due on April 11, 2024, eleven days prior. *See* Dkts. 30–31. A day later, Plaintiff asked the Court not to dismiss the case because, Mr. Khaimov argued, an eleven-day delay did not warrant such a harsh sanction. Letter, Dkt. 32. On April 24, 2024, the Court decided that dismissal would "unfairly penalize the Plaintiff for his counsel's errors," and ordered Mr. Khaimov to show cause why he should not be sanctioned personally for his failure to comply with the April 4, 2024, instruction. Order, Dkt. 33.

On May 3, 2024, Mr. Khaimov responded to the order to show cause by arguing, apparently in mitigation, that his caseload is so large that he cannot manage it. He explained, "As the Court is aware, my caseload is a large one. . . . Unfortunately, there are occasional instances where human error lead[s] to the failure to calendar a specific deadline or directive." Letter, Dkt. 36. Despite purportedly recognizing that his caseload is too large for him to manage, Mr. Khaimov continues to file more cases, including *twenty-seven* filed in the past two weeks: eight filed on May 3, 2024 — the very day he pointed to his large caseload as an excuse for violating a Court Order — eight filed on May 13, 2024, five filed on May 14, 2024, four filed on May 16, 2024, and two filed on May 17, 2024.[3] In the same period, Mr. Khaimov closed only ten cases, thus adding a net seventeen cases to his already admittedly unmanageable case load.

This case is not the only case in which Mr. Khaimov has found himself on the receiving end of an order to show cause threatening sanctions for his failure to comply with court orders. *See, e.g.*, Order, *Tarr v. Caribbean Food Delights, Inc.*, No. 23-CV-11007 (JMF) (JLC)

---

[3]   Mr. Khaimov was responsible for 22.2% of all civil cases filed in the Southern District of New York on May 3 and 27% of all such cases filed on May 13. Of the cases filed on May 3, seven were ADA cases filed on behalf of Amanie Riley; Ms. Riley has been the plaintiff in 18 cases filed in the Southern District of New York. The eighth was an ADA case filed on behalf of Ellen Elizabeth Tarr; she has been a plaintiff in 27 cases filed in the Southern District of New York. On May 13, all of the cases were brought on behalf of Ms. Riley.

(S.D.N.Y. Feb. 23, 2024), ECF No. 15 (warning of dismissal and other possible sanctions); Order, *Sookul v. Funny Water, Inc.*, No. 23-CV-9284 (MMG) (SN) (S.D.N.Y. Mar. 11, 2024), ECF No. 18 (warning of personal monetary sanctions and required continuing legal education classes); Order, *Tarr v. RC Jewels, Inc.*, No. 23-CV-9269 (GHW) (S.D.N.Y. Feb. 21, 2024), ECF No. 14 (warning of sanctions); Order, *Tarr v. Lucio Battisti, Inc.*, No. 23-CV-8795 (MKV) (S.D.N.Y. Nov. 22, 2023), ECF No. 7 (warning of preclusion of claims or evidence, monetary sanctions, and dismissal for failure to prosecute); Order, *Sookul v. Distacart Inc.*, No. 23-CV-7276 (GHW) (S.D.N.Y. Dec. 18, 2023), ECF No. 15 (warning of sanctions); Order, *Jones v. Billys W. Wear, LLC*, No. 23-CV-5585 (JMF) (S.D.N.Y. Sept. 28, 2023), ECF No. 19 (same); Order, *Alexandria v. Charlotte Stone Shoes, Inc.*, No. 23-CV-5067 (JPC) (S.D.N.Y. Aug. 22, 2023), ECF No. 9 (same).  Mr. Khaimov has had more than 40 cases that were filed in this District alone dismissed without prejudice for failure to prosecute.  *See e.g.*, *Jones v. CRWW, Inc.*, No. 23-CV-6141 (PAE) (SLC), 2023 WL 6447088, at *2 n.1 (S.D.N.Y. Sept. 15, 2023) (listing thirty-nine dismissals for failure to prosecute), *report and recommendation adopted*, 2023 WL 6445757 (S.D.N.Y. Oct. 2, 2023); Order, *Toro v. Zero Halliburton, Inc.*, No. 23-CV-2989 (RA) (S.D.N.Y. Jan. 22, 2024), ECF No. 15; Order, *Toro v. Exit Sign Warehouse, Inc.*, No. 23-CV-2771 (RA) (S.D.N.Y. Jan. 2, 2024), ECF No. 11.

       The Undersigned has imposed monetary sanctions against Mr. Khaimov on at least four occasions, *see* Order, *Paguada v. Whitmore Fam. Enters., LLC*, No. 20-CV-8922 (VEC) (S.D.N.Y. June 7, 2021), ECF No. 30 (sanctioned $500); Order, *Toro v. Pacifier, LLC*, No. 22-CV-8280 (VEC) (S.D.N.Y. Nov. 23, 2022), ECF No. 11 (sanctioned $750); Order, *Brown v. Christie's Enters., Inc.*, No. 22-CV-10161 (VEC) (S.D.N.Y. Jan. 30, 2023), ECF No. 11 (sanctioned $1,000); Order, *Brown v. Go To Gifts Inc.*, No. 23-CV-4341 (VEC) (S.D.N.Y. Nov. 20, 2023), ECF No. 20 (sanctioned $500 and case dismissed without prejudice).

Mr. Khaimov's inability to manage his huge caseload has not just imposed an undue burden on the judges in the Southern District of New York; he has also frequently violated court orders issued by judges in the Eastern District of New York. *See, e.g.*, *Hwang v. Joanna Czech Dallas, LLC*, No. 1:23-cv-2962 (FB) (CLP) (E.D.N.Y. Dec. 6, 2023), ECF No. 15 (adopting report and recommendation to impose $25 monetary fine for each day of continued noncompliance with court-ordered deadline to file stipulation of dismissal); *Hwang v. Pertutti N.Y., Inc.*, No. 23-CV-5502 (KAM) (RML), 2023 WL 8520291, at *1–2 (E.D.N.Y. Dec. 8, 2023) (listing examples where Mr. Khaimov has been sanctioned and warned by judges in the Eastern District of New York); Order, *Erkan v. Estelle's Dressy Dresses, Inc.*, No. 23-CV-6978 (PKC) (CLP) (E.D.N.Y. Jan. 8, 2024), ECF. No. 7 (recommendation, adopted by text only order, that the case be dismissed without prejudice for failure to prosecute and that Mr. Khaimov be referred to the District's Grievance Committee).

It is apparent that warnings and modest monetary sanctions have not deterred Mr. Khaimov from building and trying to maintain an ever-growing, unmanageable caseload nor have such sanctions sufficiently incentivized him to better manage his work so that he can satisfy the bare minimum required of each member of the bar of this court: to comply with Court orders.

The Court has authority to impose sanctions under (a) 28 U.S.C. § 1927, which provides liability for attorneys who engage in vexatious conduct, (b) its "inherent power to deter abuse of the judicial process," *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020), and (c) the All Writs Act, 28 U.S.C. § 1651(a), most commonly invoked as a basis for filing injunctions, *see Komatsu v. City of New York*, No. 20-CV-7046 (ER), 2023 WL 3847145, at *2 (S.D.N.Y. June 6, 2023*)*. These bases for imposing sanctions require a finding of bad faith. *See Yukos*, 977 F.3d 216 at 235 ("[B]ad faith is a prerequisite to an award of sanctions under the court's inherent power."); *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*,

*AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) ("Bad faith is the touchstone of an award under [28 U.S.C. § 1927]."); *Calvino v. D.E.A.*, No. 20-CV-0649 (CM), 2020 WL 527910, at *3 (S.D.N.Y. Jan. 31, 2020) (injunction under the All Writs Act is appropriate to stop "abusive, bad-faith, and vexatious litigation").

The Court concludes that Mr. Khaimov's continued prodigious rate of filing new cases, even after being warned of possible sanctions dozens of times and sanctioned many times, demonstrates a bad faith effort to comply with the Court's orders. His apologies to the Court and promises to do better in his response to the current order to show cause are belied by the fact that he filed eight new complaints the very same day and eight more one week later. His actions — knowing he cannot keep up with his caseload but nonetheless expanding it — unreasonably and vexatiously multiply the proceedings of the Court, which must monitor its dockets, order him to show cause when he misses deadlines, and draft orders like this one to get him to comply with simple orders.[4]

Because modest financial penalties have been ineffective in deterring Plaintiff's counsel from violating Court Orders, this Court will impose a more substantial sanction: Mars Khaimov is sanctioned $5,000 for his failure to comply with the Court's order dated April 4, 2024, Dkt. 27, in this case. Mr. Khaimov must file proof of payment by not later than **Friday, May 24, 2024**.

Although the Court finds that a financial penalty is necessary, it also concludes that it may not be sufficient to modify Mr. Khaimov's unprofessional conduct that, beyond wasting his adversaries' time and potentially compromising his clients' interests, causes a monumental waste

---

[4] In addition to being liable for monetary sanctions under 28 U.S.C. § 1927, the Court's inherent power, and the All Writs Act, Mr. Khaimov may also be in violation of the following New York Rules of Professional Conduct: 1.1(a)–(c), 1.3(a)–(b), 3.2, 3.3(f), and 8.4(h).

of Court time. Accordingly, by not later than **Friday, May 31, 2024**, Mr. Khaimov must show cause why:

    (a) He and all members of his law firm[5] should not be precluded from filing more than one new case per week until he can adequately manage his caseload, with "adequate management" being shown by proof that, for six (6) consecutive months, (i) no judge in any federal district court has ordered him or any lawyer in his law firm to show cause why he or his client should not be sanctioned for failing to comply with a court order and (ii) no case in which he or his law firm was counsel of record was dismissed or threatened with dismissal for failure to prosecute;

    (b) He should not be required, for two years, to file a copy of this Order as part of his response to any federal district court judge who orders him or any lawyer in his law firm to show cause why he or his client should not be sanctioned for failing to comply with court orders or threatens to dismiss a case he or any lawyer in his law firm has filed for failure to prosecute;[6]

    (c) He should not be required to report to this Court monthly, under oath, the number of cases he or any lawyer in his law firm has filed during the prior month; whether, and if so by whom, he or any member of his law firm has been threatened with sanctions or has been ordered to show cause why a case as to which he or any member of his law firm is counsel of record should not be dismissed for failure to prosecute; and

---

[5] Mr. Khaimov's law firm is Mars Khaimov Law, PLLC. His May 3 Letter, Dkt. 36, represents that he has hired "staff," but it is unclear to the Court whether that refers to associate attorneys or non-legal staff.

[6] To be clear, the purpose of such a requirement would not be to embarrass Mr. Khaimov but to make sure that all other judges dealing with his unprofessional and dilatory tactics know his track record without wasting time having to research it.

(d) He should not be referred to the Southern District of New York Grievance Committee for investigation whether his membership in the bar of this Court should be terminated.

**SO ORDERED.**

**Date: May 17, 2024**
   **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**